[No. A122183. First Dist., Div. Four. Aug. 31, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH BURTON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts III.B. and III.C.

■■■■■■■

## COUNSEL

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and John R. Vance, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RUVOLO, P. J.—**

### I.

### INTRODUCTION

The trial court summarily revoked appellant's probation on the basis of a petition charging a violation that the prosecution later failed to prove. While

the first petition was pending, but before the expiration of appellant's original probation term, a second petition was filed charging appellant with a different violation. After appellant's original probation term expired, the trial court found that he had committed the violation charged in the second petition, and imposed his previously stayed prison sentence.

■ Appellant contends that the trial court did not have jurisdiction to revoke his probation because the charge in the first petition, which triggered the tolling of his probation period, was not proved. In the published portion of our opinion, we reject this contention, concluding that once the expiration of a probation period is tolled, then as long as a probationer is found to have committed some probation violation during the probation period, as charged in a petition filed during the probation period, the trial court retains jurisdiction to revoke probation after the expiration of the probation term, even if the tolling was based on a violation the prosecution did not ultimately prove.

Appellant also contends that there is insufficient evidence to support the trial court's finding that he violated his probation, and that he did so knowingly and willfully. In the unpublished portion of our opinion, we reject these contentions as well. We affirm the judgment.

## II.

## FACTS AND PROCEDURAL BACKGROUND

On May 17, 2005, appellant pled no contest to one count of corporal injury to his wife. (Pen. Code, § 273.5, subd. (a).)[1] The plea was the result of a negotiated agreement under which appellant waived presentence credit and received a sentence of four years in state prison, suspended, with three years' probation and one year in jail. Appellant was also ordered to attend a 52-week domestic violence program. In addition to sentencing appellant to probation, the court also issued an order requiring appellant to stay away from his wife and her children from a previous marriage. On May 2, 2006, the stay-away order was lifted as to appellant's wife, but not as to her children.

On December 15, 2006, appellant's probation officer filed a petition to revoke his probation for alcohol use and failure to pay fines and restitution. On December 26, 2006, appellant surrendered and was remanded to custody. On February 13, 2007, appellant admitted violating his probation. On July 3, 2007, the court ordered appellant to serve an additional year in jail, with 193 days' credit, and to attend 26 additional domestic violence classes.

---

[1] All further statutory references are to the Penal Code.

On November 6, 2007, appellant's probation officer filed another petition to revoke appellant's probation, because he had tested positive for opiates and had not paid his fines and restitution. Appellant told his probation officer that the positive test resulted from his having taken a painkiller prescribed for his mother. On November 13, 2007, the petition to revoke probation was withdrawn, and the trial court reinstated appellant's probation and reduced his restitution obligation to zero.

On January 15, 2008, appellant's probation was modified, and a criminal protective order was issued against him. The terms of the modified probation and the protective order do not appear in the record provided to this court on appeal, but the protective order apparently provided that appellant was not to have any contact with his wife's children.

On March 3, 2008—two and a half months prior to the expiration of appellant's probation term—appellant was again charged with probation violations. The petition to revoke probation (the March 3 petition) alleged that appellant had been arrested by the Hayward police on March 2, 2008, and that he had been living in his wife's home, with her children from a former marriage, in violation of the restraining order imposed on January 15, 2008. The trial court summarily revoked appellant's probation on March 3, 2008.

On May 1, 2008—just over two weeks before appellant's probation term expired—the probation officer filed a supplemental petition (the May 1 petition) seeking "to continue [appellant's] probation in revoked status," and alleging that appellant had violated his probation in two respects. First, appellant had been charged with several criminal offenses, which had occurred on April 17 and April 24, 2008, for which he was in custody in Alameda County. The offenses consisted of three felonies: corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)); criminal threats (§ 422); and stalking (§ 646.9, subd. (a)); and one misdemeanor, violation of a protective order (§ 273.6, subd. (a)). Second, appellant's "whereabouts ha[d] been unknown since March 3, 2008."

On July 11, 2008, the trial court held a hearing on the probation violations alleged in the March 3 and May 1 petitions. Appellant's wife was not present, and the prosecutor indicated that no subpoena had been served on her, and that at the last minute, she had declined to testify. The prosecutor attempted to have the probation officer testify as to what appellant's wife had told her regarding the probation violation alleged in the March 3 petition, but the trial court ultimately sustained appellant's counsel's hearsay objections to this testimony. Thus, the court considered the probation officer's testimony about the wife's out-of-court statements only for the fact that the wife made the statements, and not for their truth.

The trial court did admit the probation officer's testimony that on March 3, 2008, she received a call from appellant's wife, who sounded very upset, and that after speaking with appellant's wife, the officer tried to reach appellant by calling several telephone numbers that appellant had provided, but she could not reach him at any of them, and he did not respond to the messages she left. The officer explained that appellant was supposed to report any change of address or telephone number to the probation office within five days, but that she had not had any contact with him since January 23, 2008.

On cross-examination, appellant's trial counsel asked the probation officer whether after March 3, 2008, appellant's "address as far as you knew was still" his wife's address, the probation officer answered yes. However, when appellant's trial counsel asked whether that address was where appellant was in April, the officer responded that "I didn't know if he was living there or not," though she confirmed that he had been arrested there. Appellant's counsel then asked the probation officer to confirm that the officer knew that appellant "was with [his wife] or in custody in Alameda County at this time," and she responded "That's correct." Later, in response to a question from the trial judge, the probation officer explained that appellant had told her that he was living at his wife's address.

On July 14, 2008, the trial court announced its findings and order from the bench. The court dismissed the March 3 petition because none of its allegations were proven due to the court's exclusion of the probation officer's hearsay testimony. As to the May 1 petition, the court found that the allegation that appellant had been arrested and charged in Alameda County also had not been proven.

However, as to the allegation in the May 1 petition that appellant's whereabouts had been unknown since March 3, 2008, the court found that there was "sufficient evidence to show that to the requisite standard of proof for a probation violation," based on the probation officer's testimony that she had tried to call appellant several times at the phone numbers he provided; that one of the numbers was disconnected; and that he had not returned her messages. The court acknowledged that the probation officer had testified that she knew appellant was either at his wife's house or in custody in Alameda County, but characterized that testimony as indicating what the probation officer believed, rather than as proof that appellant's whereabouts were known.

The trial court also pointed out that it was very clear that appellant had not returned the probation officer's telephone calls, and inferred from that fact, coupled with the evidence that appellant's wife had contacted the probation officer and was very upset, that appellant "was dodging his obligation to be in

contact with probation [and] to make sure that probation knew where he was and how to reach him," and was doing so because he was aware that his wife was "making allegations against him, whether they were true or not true." Accordingly, the court "f[ou]nd to be true the allegation that [appellant's] whereabouts were unknown and that he had not contacted probation."

Because this was appellant's third probation violation, the trial court imposed the previously suspended four-year prison sentence. This timely appeal ensued.

## III.

## DISCUSSION

### A. Expiration of Jurisdiction to Revoke Probation

■ Under section 1203.2, subdivision (a), if a trial court summarily revokes probation during the probationary period, the summary revocation "serve[s] to toll the running of the probationary period." Because of this tolling, the hearing on the violation, the court's ruling, and the imposition of sentence may all occur even after the probationary period would otherwise have expired. Appellant does not dispute any of this. He argues, nonetheless, that as of July 14, 2008, the trial court no longer had jurisdiction to revoke his probation, because the allegations of the March 3 petition were not sustained, and thus the summary revocation of appellant's probation based on the March 3 petition did not toll the expiration of the probationary period.

Appellant bases this contention on *People v. Tapia* (2001) 91 Cal.App.4th 738 [110 Cal.Rptr.2d 747] (*Tapia*), disapproved on another point in *People v. Wagner* (2009) 45 Cal.4th 1039, 1061, footnote 10 [90 Cal.Rptr.3d 26, 201 P.3d 1168]. In *Tapia*, the defendant was sentenced to three years' probation, expiring in July 1999, with a year in county jail. Upon his release from jail in late 1996, he was deported. In 1997, during the defendant's probation term, the trial court summarily revoked his probation because he had not reported to the probation department upon his release from custody. In 2000, after the expiration of the defendant's probation term, he returned to California and was arrested. At the defendant's probation revocation hearing, he admitted that he had not reported to the probation department when he returned to California in 2000, but no evidence was introduced that he had violated his probation in any way *during* his probationary period. The court held that when probation is summarily revoked, so as to maintain the court's jurisdiction over a probationer accused of a violation, "the jurisdiction retained by the court is to decide whether there has been a violation *during the period of probation* and, if so, whether to reinstate or terminate probation.

When the court finds there has been no violation *during the period of probation*, there is no need for further jurisdiction. And where, as here, the term of probation has expired, the defendant is also entitled to an order discharging him from probation. [Citation.]" (*Tapia, supra*, 91 Cal.App.4th at p. 742, italics omitted & added.)

There is an obvious distinction between the present case and *Tapia, supra*, 91 Cal.App.4th 738. In *Tapia*, there was no proof that the defendant had committed any probation violation until after his probation had long since expired. In the present case, the trial court found that appellant had violated the terms of his probation during his probationary period. It is true, as appellant argues, that the violation ultimately found to have occurred was not the same one that triggered the summary revocation on which the tolling was based. But neither the statute nor *Tapia* requires that this must be the case. Appellant has cited neither any legislative history justifying such a reading of the statute, nor any other authority supporting his position.[2]

The May 1 petition was filed during appellant's probationary period. At that time, appellant was already on notice that his probation had been summarily revoked, and that the running of his probation period was therefore tolled. Accordingly, appellant's right to due process was not violated by the fact that the ultimate revocation of his probation was based on the charges in the May 1 petition rather than those in the March 3 petition.

■ For all of the foregoing reasons, we conclude that the trial court's summary revocation of appellant's probation in response to the March 3 petition preserved the court's jurisdiction to revoke appellant's probation based on any violation that was committed and charged during the probationary period, including violations not charged in the March 3 petition. We therefore reject appellant's first argument.

## B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[2] Appellant's opening brief cites *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1066 [132 Cal.Rptr.2d 665], for the proposition that, in appellant's words: "In order for the summary revocation of probation to toll the running of the probationary period, the violation underlying the summary revocation must be supported by substantial evidence." The cited case does reiterate the rule that a finding of a probation violation must be supported by substantial evidence, but does not support any other aspect of the statement made in appellant's brief.

*See footnote, *ante*, page 194.

## IV.

## DISPOSITION

The judgment is affirmed.

Sepulveda, J., and Rivera, J., concurred.