Filed 2/27/13  P. v. Martinez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B234986 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA074026) |
| v. | |
| LUIS F. MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Dismissed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.

_____

Luis F. Martinez appeals from an order denying his nonstatutory motion to vacate his 16-month state prison sentence, which was imposed after he admitted he had violated the terms and conditions of his probation. Martinez contends the court erred in denying his motion to vacate because the trial court did not advise him of all his due process rights before accepting his admission and revoking probation and his counsel was ineffective in failing to warn him of the immigration consequences of his admission. He also contends the summary revocation of his probation on April 26, 2010 was improper and, as a result, the court lacked jurisdiction to formerly revoke his probation at the September 20, 2010 probation revocation hearing. Because the motion, properly considered a petition for writ of *coram nobis*, failed to state a prima facie case for relief, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Martinez's Guilty Plea and Receipt of Probation*

Martinez was charged with five counts of forgery (Pen. Code, § 475, subd. (a))[1] and one count of counterfeiting (§ 487, subd. (a)). Pursuant to a negotiated agreement, in May 2007 Martinez pleaded guilty to two counts of forgery and one count of counterfeiting. The remaining counts were dismissed. Imposition of sentence was suspended, and Martinez was placed on three years of formal probation.

### 2. *Summary Revocation of Probation on April 26, 2010*

On April 26, 2010 the court summarily revoked Martinez's probation based on information in a report from his probation officer. Martinez did not appear at the April 26, 2010 hearing, and a bench warrant issued.

### 3. *Formal Revocation of Probation and Imposition of Sentence on September 20, 2010*

A formal probation violation hearing was held on September 20, 2010. Martinez appeared and admitted he had violated the terms and conditions of his probation. Before accepting his admission, the court advised Martinez he had "a right to a probation violation hearing, a right to be represented at that hearing, a right to use the court process

---

[1] Statutory references are to the Penal Code.

2

to obtain witnesses on your own behalf, a right to confront and cross-examine those witnesses [and] a right to not incriminate yourself.  By admitting the probation violation, [you will] be incriminating yourself.  You have a right to present a defense, subpoena witnesses, as I said, at no cost, a right to appeal.  Have you discussed these rights and do you waive these rights?"  Martinez informed the court he understood and wished to waive his rights.  The court revoked probation and sentenced Martinez to the low term of 16 months in state prison.

4. *Martinez's Motion To Vacate His Sentence*

On June 22, 2011 Martinez moved to vacate his sentence and requested another probation violation hearing.  Martinez argued the advisement of his due process rights was deficient because the court did not provide him with written notice of the probation violation or advise him of his right to be heard in person and present documentary evidence.  The court denied the motion, finding Martinez had failed to make a prima facie showing that "there was not a proper probation violation submitted to the court." The court also found Martinez had been properly advised of his rights before his admission was accepted and his probation revoked.

Martinez obtained a certificate of probable cause (Cal. Rules of Court, rule 8.304) and appealed from the denial of his motion to vacate the sentence imposed following revocation of his probation.  Martinez has completed his sentence and is now in federal custody awaiting deportation proceedings.

**DISCUSSION**

"A nonstatutory motion to vacate has long been held to be the legal equivalent of a petition for a writ of error *coram nobis*."  (*People v. Kim* (2009) 45 Cal.4th 1078, 1096 (*Kim*); accord, *People v. Shipman* (1965) 62 Cal.2d 226, 229, fn. 2.)  To obtain the writ, the petitioner must show, among other things, """that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.""" (*Kim,* at p. 1102; see also *id.* at p. 1092 ["""[t]he writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall

3

some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment; and which without fault or negligence of the party, was not presented to the court"'"].)

Martinez failed to make a prima facie showing for *coram nobis* relief. Quite apart from whether Martinez exercised the requisite due diligence in bringing the motion (see *Kim, supra,* 45 Cal.4th at p. 1096 ["'[i]t is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis*'"]; *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618 [burden falls to petitioner seeking *coram nobis* relief to explain and justify delay]), an issue neither he nor the People address, none of his claims presented a prima facie case for *coram nobis* relief.[2]

Martinez contends he was not advised of the full panoply of his due process rights before admitting to the probation violation as required under *Morrissey v. Brewer* (1972) 408 U.S. 471, 488-489 [92 S.Ct. 2593, 33 L.Ed.2d 484] and *People v. Vickers* (1972) 8 Cal.3d 451. That argument, which could have been properly presented in a petition for habeas corpus, is not cognizable in a petition for writ of *coram nobis*: It does not present any fact of which the court was unaware, and if made aware, would have prevented rendition of judgment.

His jurisdiction argument also did not present a basis for *coram nobis* relief. On April 26, 2010 the trial court summarily revoked Martinez's probation, thus tolling the running of the probation period. (§ 1203.2, subd. (a) [summary revocation of probation "shall serve to toll the running" of the probation period]; *People v. Burton* (2009) 177 Cal.App.4th 194, 199 ["[b]ecause of this tolling [under § 1203.2, subd. (a)], the hearing on the violation, the court's ruling, and the imposition of sentence may all occur even after the probationary period would otherwise have expired"].) Thus, with the

---

2  In response to our invitation to Martinez and the People to address whether Martinez presented a prima facie case for *coram nobis* relief, Martinez has asked us to take judicial notice of the fact he is currently on bail in a new criminal case filed in Tulare County and, as an alternative procedural basis for relief, to construe his appeal as a petition for writ of habeas corpus. We deny both requests: Any habeas petition directed to the new state case must be filed in the Superior Court for Tulare County.

probation period tolled, the court had jurisdiction to revoke probation and impose sentence on September 20, 2010.

Although Martinez contends summary revocation was error because the court did not base it on a proper review of the probation report, and thus tolling did not apply,[3] that claim of legal error is not cognizable on a writ of *coram nobis*. (*Kim, supra,* 45 Cal.4th at pp. 1093-1095 [claims asserting alleged legal errors cannot be vindicated on *coram nobis*]; see generally *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661 [observing the difference between court's lack of fundamental jurisdiction and an act in excess of jurisdiction; the former renders a judgment void, while the latter, based on some legal error committed while the court had fundamental jurisdiction over the parties and the subject matter, renders it merely voidable and subject to rules of finality].)

Martinez also contends his counsel was ineffective for advising him to admit to the probation violation without requiring the court to provide him with the full panoply of due process protections and for not advising him of the immigration consequences of his admission to the probation violation. It is well settled ineffective assistance of counsel claims are not cognizable in a petition for writ of *coram nobis*. (*Kim, supra,* 45 Cal.4th at p. 1104 ["[t]hat a claim of ineffective assistance of counsel, which relates more to a mistake of law than of fact, is an inappropriate ground for relief . . . has long been the rule"]; *In re Nunez* (1965) 62 Cal.2d 234, 236 [same].)

Because the claims asserted by Martinez are not properly raised by a petition for writ of error *coram nobis* or a nonstatutory motion to vacate, the appeal must be dismissed. (See *People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4 ["[i]n an appeal from a trial court's denial of an application for the writ of error *coram nobis*, a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not,

---

3        Although Martinez contends the record is silent as to what kind of report the trial court relied on in deciding to summarily revoke his probation, the superior court file, together with the April 26, 2010 minute order, establish the report relied on by the trial court was from Martinez's probation officer.

the court may summarily dismiss the appeal"]; *People v. Dubon* (2001) 90 Cal.App.4th 944, 950 ["trial court's denial of a *coram nobis* petition is appealable order, unless the *coram nobis* petition failed to state a prima facie case for relief"].)

## DISPOSITION

The appeal is dismissed.


PERLUSS, P. J.


We concur:



WOODS, J.



ZELON, J.