Filed 1/25/16  P. v. Murillo CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH MURILLO,<br><br>     Defendant and Appellant. | B262280<br><br>(Los Angeles County<br>Super. Ct. No. 5PH00073) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Jacqueline H. Lewis, Judge.  Reversed.

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Victoria B. Wilson, and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Joseph Murillo appeals from a postjudgment order denying his motion to terminate and discharge parole and finding him in violation of parole, revoking and reinstating his parole on condition he serve 150 days in county jail, and setting January 27, 2016 as his new parole expiration date. Murillo raises several questions regarding the proper application of Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18),[1] including whether an individual who has completed his or her prison sentence and is on parole is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and is therefore subject to the one-year parole period upon reclassification of his or her felony conviction as a misdemeanor pursuant to section 1170.18, subdivision (d). We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Murillo was sentenced to a 32-month state prison term following his 2009 conviction for one felony count of violating Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance). He was released on parole on September 18, 2011. Based on his violation of the conditions of parole on several occasions between 2012 and 2014, Murillo's parole was extended and scheduled to expire on February 23, 2016.

On October 24, 2014 Murillo walked away from a required drug treatment program, a parole violation potentially subjecting him to a term of imprisonment. He was arrested on December 31, 2014, and a petition to revoke parole was filed on January 7, 2015, alleging Murillo had absconded from parole supervision. The parole violation report stated intermediate sanctions had been considered but were deemed inappropriate because Murillo had violated parole on six occasions since his release in 2011. The parole agent recommended that Murillo continue on parole with remedial sanctions—specifically, a return to custody for 135 days. The trial court (Commissioner Robert Kawahara) found probable cause to support revocation, preliminarily revoked Murillo's

---

[1] Statutory references are to this code unless otherwise indicated.

supervision, set the matter for arraignment and plea and ordered Murillo taken into custody pending a further hearing on the petition to revoke parole. At a case setting conference on January 21, 2015 the revocation hearing was scheduled for February 10, 2015.

On January 28, 2015 Murillo petitioned pursuant to Proposition 47 to redesignate his felony conviction under Health and Safety Code section 11377, subdivision (a), for possession of a controlled substance. The court (Hon. Wade Olson) found Murillo had completed his sentence for his conviction and was eligible to have it designated a misdemeanor conviction within the meaning of section 1170.18, subdivision (g). The People apparently concurred; the minute order from January 28, 2015 reflects the court ordered the information deemed amended to allege a misdemeanor offense "on the People's motion," and thereafter designated defendant's felony conviction a misdemeanor conviction. No appeal was taken, and no writ review sought from that order.

On February 6, 2015, several days prior to the date set for the revocation hearing, Murillo filed a "motion to terminate and discharge from parole," arguing that, once the court granted his Proposition 47 petition, he was no longer subject to parole. The court (Hon. Jacqueline Lewis) denied the motion on February 10, 2015, stating "both my position as well as the position of the Los Angeles Superior Court is that for any persons still on active probation, parole, or post release community supervision, their sentence has not been completed" within the meaning of section 1170.18, subdivision (f). Murillo's Proposition 47 petition, the court continued, was one properly brought under section 1170.18, subdivision (a), for recall of sentence and resentencing under section 1170.18, subdivision (b), not under subdivision (f), which applies to "[a] person who has completed his or her sentence for a conviction . . . of a felony . . . ." An individual resentenced under section 1170.18, subdivisions (a) and (b), "shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18,

3

subd. (d).) Because the January 28, 2015 minute order did not state Murillo was being released from parole, Judge Lewis concluded he was subject to a one-year parole term from January 28, 2015 through January 27, 2016.

The court then proceeded to the revocation hearing and found true the allegation Murillo had absconded from parole supervision. Parole supervision was revoked and restored on the same terms and conditions with the additional condition that Murillo serve 150 days in county jail (with credit for 41 days of actual time and 41 days of conduct credits). Murillo filed a timely notice of appeal.

## PROPOSITION 47 AND THE ISSUES ON APPEAL

California voters approved Proposition 47 on November 4, 2014.[2] In brief, Proposition 47 (1) requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property and forging/writing bad checks when the amount involved is $950 or less; (3) allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the specified crimes if a defendant has a prior conviction listed under section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under section 290; (4) requires resentencing for defendants currently serving felony sentences for the specified crimes unless the trial court finds an unreasonable public safety risk; and (5) provides for designating a felony conviction as a misdemeanor if the individual has completed his or her felony sentence. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 & fn. 2.)

Individuals who have completed their prison sentence and are on parole or postrelease community supervision (PRCS) are entitled to seek relief under Proposition 47. If being on parole or PRCS is considered "currently serving a sentence" within the meaning of Proposition 47, the petition is one for resentencing and must be filed under section 1170.18, subdivision (a), which requires the court to determine

---

[2] The initiative became effective on November 5, 2014.

4

whether the petitioner is unreasonably dangerous to the community before it may be granted (§ 1170.18, subd. (b)) and subjects the petitioner to a new, one-year parole term unless the court releases the petitioner from parole as part of its resentencing order (§ 1170.18, subd. (d)). If being on parole or PRCS is not a part of the sentence within the meaning of Proposition 47—that is, if the word "sentence" includes only a defendant's prison term and not both the prison term and the corresponding period of parole or PRCS—the petition is one for reclassification; and the petitioner is entitled to have his or her felony conviction designated as a misdemeanor without any consideration of the individual's dangerousness and with no new or additional parole term (§ 1170.18, subd. (g)).

In his opening brief Murillo argues an individual who has completed his prison sentence and is on parole is not currently serving a sentence within the meaning of section 1170.18, subdivision (a), and the superior court therefore erred in denying his motion to terminate and discharge parole following reclassification of his felony drug conviction as a misdemeanor. He alternatively argues, to the extent he was resentenced pursuant to section 1170.18, subdivision (b), and properly subject to the one-year parole requirement of section 1170.18, subdivision (d), he was entitled to credit for excess custody time served in prison and for the time he had already served on parole prior to his resentencing under Proposition 47, a period that substantially exceeds the additional one-year term imposed (see § 1170.18, subd. (d) ["[a] person who is resentenced pursuant to subdivision (b) shall be given credit for time served"]). Both issues are currently pending before the California Supreme Court, *People v. Morales*, S228030, review granted August 26, 2015. (The Supreme Court granted review at the same time in *People v. Hickman*, S227964, which also raises the excess custody credit issue.)[3]

---

[3]     On October 14, 2015 the court granted review in *People v. McCoy*, S229296, and deferred further action pending consideration and disposition of a related issue in *Morales*. Petitions for review are pending in several other cases that have considered one or both of the issues regarding Proposition 47 presented by Murillo in his opening brief, including *People v. Armogeda*, review granted December 9, 2015, S230374, and *People*

After briefing was completed this court asked the parties to file supplemental letter briefs addressing (1) whether the superior court judge who heard Murillo's motion to terminate and discharge parole on February 10, 2015 had jurisdiction and/or authority to reconsider and revise the January 28, 2015 order entered by a different superior court judge, who determined Murillo had completed his sentence for the qualifying felony drug conviction within the meaning of section 1170.18, subdivisions (f) and (g); and (2) assuming Murillo was not subject to a new term of parole following reclassification of his felony as a misdemeanor on January 28, 2015 (either because no parole term was authorized or because any additional parole term had been satisfied by application of excess custody credits), did that termination of parole deprive the superior court of jurisdiction and/or authority to punish the parole violation alleged in the January 7, 2015 petition to revoke parole?[4]

## DISCUSSION

1. *Judge Lewis Improperly Reconsidered and Reversed Judge Olson's Ruling that Murillo Had Completed His Sentence for the Felony Drug Possession Conviction*

As this court held in *People v. Riva* (2003) 112 Cal.App.4th 981, 991, as a general rule one trial judge cannot reconsider and overrule an order of another trial judge. "[F]or reasons of comity and public policy . . . , trial judges should decline to reverse or modify other trial judges' rulings unless there is a highly persuasive reason for doing so—mere disagreement with the result of the order is not a persuasive reason for reversing it. Factors to consider include whether the first judge specifically agreed to reconsider her ruling at a later date, whether the party seeking reconsideration of the order sought relief by way of appeal or writ petition, whether there has been a change in circumstances since the previous order was made and whether the previous order is reasonably supportable

---

*v. Pinon*, review granted November 18, 2015, S229632.

[4] We also asked the parties to address whether the scheduled expiration of the challenged one-year parole term on January 27, 2016 would moot Murillo's appeal.

under applicable statutory or case law regardless of whether the second judge agrees with the first judge's analysis of that law." (*Id*. at pp. 992-993, fns. omitted; see *People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1293 [quoting *Riva*]; see also *People v. Williams* (2006) 40 Cal.4th 287, 300 [citing *Riva* and the general rule]; *In re Alberto* (2002) 102 Cal.App.4th 421, 430-431 [applying rule to reverse second order increasing bail previously set by different judge].)

Using these criteria Judge Lewis's disagreement with Judge Olson's determination that Murillo had completed his sentence within the meaning of section 1170.18, subdivision (f), was improper. When he entered his order designating Murillo's felony offense as a misdemeanor, Judge Olson did not indicate it was an interim ruling (cf. *People v. Castello* (1998) 65 Cal.App.4th 1242, 1246 ["[i]n criminal cases there are few limits on a court's power to reconsider interim rulings"]) or suggest it was open to reconsideration. The People did not seek review of that order by appeal or writ petition; to the contrary, as discussed, the People apparently joined Murillo's request and agreed with the court's disposition. Nor was there any change in circumstance between January 28, 2015 and February 10, 2015 that would justify reconsideration or reversal of the order. Nonetheless, in her supplemental letter brief the Attorney General argues Judge Lewis was authorized to overrule her colleague's order because it was not reasonably supportable under applicable law.

The Supreme Court may ultimately agree with the Attorney General; but the word "sentence" has different meanings in different contexts, and for now the issue remains unresolved. As the Attorney General argues in her respondent's brief, section 3000, subdivision (a)(1), expressly states, "A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this article." And section 1170, subdivision (c), part of the Determinate Sentencing Law, directs the court to "inform the defendant that as part of the sentence after expiration of the [prison] term he or she may be on parole for a period as provided in Section 3000."

Murillo, on the other hand, emphasizes that Proposition 47 itself indicates "sentence" is intended to refer only to the term of imprisonment or custodial confinement. As discussed, section 1170.18, subdivision (d), specifies that a person who is resentenced "shall be subject to parole for one year following completion of his or her sentence" unless the court, in its discretion, declines to order the parole term. This language, Murillo argues, demonstrates that parole is distinct from actual custody time, which, in turn, is the "sentence" for Proposition 47 purposes. Otherwise, parole would not follow the completion of the petitioner's sentence, it would be an extension of it.[5] Murillo also notes that arguments for and against Proposition 47 in the voter information guide refer to early release of prisoners and reductions in the state prison population as a result of resentencing individuals currently serving felony sentences (and a corresponding temporary increase in the state parole population)—analyses that do not contemplate resentencing individuals already released from prison and on parole.

Both sides in this debate rely on language in *People v. Nuckles* (2013) 56 Cal.4th 601, which held assisting a parolee abscond from parole constitutes being an accessory to a felony under section 32, defined as one who, after a felony has been committed, "harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment . . . ." The Supreme Court explained "[t]he concept of punishment is broader than the term of imprisonment" and held parole is part of "punishment." (*Nuckles*, at p. 608.) When discussing parole, however, the Court, quoting from its earlier decision in *In re Roberts* (2005) 36 Cal.4th 575, 589-590, distinguished "'[t]he general objectives of sentencing'"—protecting

---

[5] The Attorney General responds, in essence, that "sentence" in section 1170, subdivision (d), refers to the new misdemeanor sentence imposed pursuant to Proposition 47, while "sentence" in subdivisions (a) and (f) refers to the felony conviction sentence, which includes a term of parole or PRCS. (But see *People v. Zambia* (2011) 51 Cal.4th 965, 978 ["[i]t would be unreasonable and inconsistent to give the term 'another person' a different meaning in subdivision (a)(2) from the meaning that term has when used in other subdivisions of the same statute"].)

society, punishing offenders, deterring future crimes—from "'the objective of parole'"—assisting the parolee's reintegration into society through supervision and counseling. (*Nuckles*, at pp. 608-609.) The Court also stated, "parole constitutes a distinct phase from the underlying prison sentence" and added (again quoting from *Roberts*), "a prison sentence 'contemplates a period of parole, which in that respect is related to the sentence.'" (*Id.* at p. 609.) That analysis, although presented in a very different context, provides some support for Murillo's contention he had completed his sentence for his felony drug conviction when he filed his Proposition 47 petition even though he was still on parole. Yet in the same paragraph in *Nuckles* the Court acknowledged the Attorney General's observation that "parole is a mandatory component of any prison sentence." (*Ibid.*)

We do not purport to resolve this issue, which, as discussed, is presented by a case currently pending before the Supreme Court. Reasonable arguments can be made for both sides. In light of that uncertainty, however, even though Judge Lewis disagreed with Judge Olson's finding that Murillo had completed his sentence, she was without authority to overrule it.

2. *Following Designation of Murillo's Drug Conviction as a Misdemeanor, the Court Had No Jurisdiction To Revoke His Prior Felony Parole or To Impose New Parole Conditions*

The superior court had jurisdiction under the Criminal Justice Realignment Act of 2011 over the petition to revoke Murillo's parole when it was filed on January 7, 2015. (See *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 643; § 1203.2.) However, when the superior court reclassified Murillo's conviction as a misdemeanor pursuant to section 1170.18, subdivision (g), on January 28, 2015, his parole supervision ended; and the court's jurisdiction terminated, as well. (Cf. *In re Bakke* (1986) 42 Cal.3d 84, 90, fn. 5 [trial court's order purporting to extend defendant's probation after defendant's probationary term had expired was in excess of jurisdiction and void]; *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 772 ["once a defendant's probationary term has expired, a trial court no longer has jurisdiction to modify the defendant's probation"].)

9

The Attorney General correctly observes, if a court summarily revokes probation during the probation period under section 1203.2, subdivision (a), that serves to toll the running of the probation period; and the hearing on a violation and imposition of sentence may occur after the probationary period would otherwise have expired. (See, e.g., *People v. Burton* (2009) 177 Cal.App.4th 194, 199; see also *People v. Leiva* (2013) 56 Cal.4th 498, 518 ["summary revocation operates in conjunction with section 1203.2(a)'s tolling provision to allow the trial court to retain the authority to adjudicate a claim that the defendant violated a term of probation *during* the court-imposed period of probation"].) The same principle applies to summary revocation of parole supervision, which is now included within section 1203.2, subdivision (a). But tolling is not the issue before us.

There is no question, had there been no intervening order on January 28, 2015, the court on February 10, 2015 would have had jurisdiction to conduct the parole revocation hearing and to enter the order revoking parole and reinstating it on condition that Murillo serve 150 days in county jail:[6] Murillo's parole was not scheduled to expire at that point until February 23, 2016 without any need for an extension or tolling. However, when the superior court entered its order on January 28, 2015 reclassifying Murillo's conviction pursuant to section 1170.18, subdivision (g), its jurisdiction over him ended. The original parole term prescribed in connection with the prison sentence for his felony drug conviction was terminated, and no new parole term pursuant to section 1170.18, subdivision (d), was (or could be) imposed. In sum, the court should have granted the motion to terminate and discharge parole and never proceeded to conduct the revocation hearing.

---

[6]    Murillo has apparently served the additional 150 days in county jail ordered by Judge Lewis, and he makes no specific argument regarding that aspect of the superior court proceedings.

## DISPOSITION

The postjudgment order denying Murillo's motion to terminate and discharge parole is reversed. The superior court is directed on remand to enter a new order granting the motion.

PERLUSS, P. J.

We concur:

SEGAL, J.

BLUMENFELD, J.*

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.