Filed 3/11/16  P. v. Mumphrey CA1/3
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL MUMPHREY,<br><br>     Defendant and Appellant. | A145417<br><br>(Alameda County<br>Super. Ct. No. C159117) |

Defendant Michael Mumphrey appeals an order revoking his probation and executing a previously imposed 16-year prison sentence. His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant has submitted a letter brief arguing that the court lacked jurisdiction to revoke his probation because the his term of probation expired prior to the revocation hearing. We conclude there are no issues requiring further review and affirm.

**Factual and Procedural History**

On July 30, 2008, defendant pled no contest to one felony count of second degree robbery and admitted three prior convictions. Defendant was advised that his exposure under the plea was 16 years in prison. In exchange for his plea, defendant was promised he would be placed on probation for a term of five years.

On January 20, 2009, the trial court sentenced defendant to a total of 16 years in state prison, comprising the upper term of five years for the robbery conviction, doubled to 10 years because of a prior strike, plus five years for a prior serious felony and one

year for a prior prison term. Consistent with the plea agreement, execution of that sentence was stayed and defendant was placed on probation for five years.[1]

On August 2, 2011, the probation officer filed a petition to revoke probation, alleging that defendant had been arrested for a robbery in San Francisco. On August 12, 2011, the trial court summarily revoked defendant's probation and issued a bench warrant for his arrest. Defendant remained in custody in San Francisco on the robbery charges until his transfer to Alameda County in February 2014. On February 27, 2014, the prosecution filed a second petition to revoke probation based on the robbery committed in San Francisco on June 7, 2011.

On January 15, 2015, defendant's counsel filed a document entitled "Memo Regarding Motion to Revoke Probation," with exhibits. Counsel reported that the jury had acquitted defendant of all charges arising out of the June 2011 robbery but conceded that defendant's involvement in the June 2011 crime "probably does constitute a violation of probation." He argued that defendant had "found himself a bed in Delancey Street" and asked that the court send defendant to Delancey Street rather than to prison.

At the evidentiary hearing on the petition to revoke, the victim testified that he was walking in his neighborhood at about 6:30 p.m. on June 7, 2011, when he encountered three men. One of the men blocked his path and demanded his wallet. The man lifted his shirt and showed the victim a gun. He handed over everything he had, including his phone and wallet. After they left, the victim went with a neighbor to call the police. He tracked the location of his phone online and informed the police of its location. Shortly thereafter, officers detained the three men. At the scene, the victim identified defendant as the man with the gun. The victim testified that at the time of trial he could not identify the man with the gun and admitted on cross-examination that he had identified a different man as the man with the gun at the preliminary hearing in the San Francisco case. A police officer testified that the arresting officers found the victim's

---

[1] At the same hearing, defendant also admitted a probation violation in a prior case and was sentenced to a two-year prison term. The prosecutor calculated that, with a waiver of past credits, defendant would be released from prison in January 2010.

phone in defendant's pocket and a BB gun was found near where police detained defendant. Defense counsel challenged the sufficiency of the evidence in support of the probation violation and emphasized that defendant had been acquitted of all charges in the San Francisco case. The court found defendant in violation of probation.

At a sentencing hearing on May 20, 2015, the defense presented a social worker as an expert witness, who testified about defendant's background and opined that defendant would benefit from placement at Delancey Street. The court rejected the Delancey Street placement and ordered that the previously suspended 16-year prison term be imposed. The court awarded custody credits and imposed a previously suspended probation revocation fine.

Defendant timely filed a notice of appeal.

## Discussion

Contrary to defendant's argument, the court had jurisdiction to sentence defendant based on his violation of probation. Defendant is correct that the court ordinarily loses jurisdiction to revoke probation after the expiration of the probationary period. (*In re Griffin* (1967) 67 Cal.2d 343, 346.) However, under Penal Code section 1203.2, subdivision (a), "if a trial court summarily revokes probation during the probationary period, the summary revocation 'serve[s] to toll the running of the probationary period.' Because of this tolling, the hearing on the violation, the court's ruling, and the imposition of sentence may all occur even after the probationary period would otherwise have expired." (*People v. Burton* (2009) 177 Cal.App.4th 194, 199.) Defendant's probation was summarily revoked in August 2011 based on the filing of the new criminal charges in San Francisco, thereby tolling the running of the probationary period.

Substantial evidence supports the trial court's finding that defendant violated the terms of his probation. Given defendant's criminal history, the seriousness of the present violation, and his prior unsuccessful attempts at probation, the trial court did not abuse its discretion in refusing to reinstate probation. The court did not err in executing the previously imposed sentence. (*People v. Howard* (1997) 16 Cal.4th 1081, 1088 ["On

3

revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect."].)

## Disposition

The order revoking probation and executing the previously imposed 16-year prison sentence is affirmed.


_____
                                        Pollak, J.


We concur:


_____
McGuiness, P. J.


_____
Jenkins, J.