Filed 5/26/22  P. v. Daggett CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>LESLIE LYTLE DAGGETT,<br><br>　　　Defendant and Appellant. | F082882<br><br>(Super. Ct. No. VCF408813)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Levy, Acting P. J., Peña, J. and Meehan, J.

Defendant Leslie Lytle Daggett pled no contest to stalking and vandalism, both of which were reduced to misdemeanors pursuant to a negotiated plea agreement. The trial court granted defendant a two-year term of probation. Defendant contends that his term of probation must be modified to one year pursuant to Penal Code section 1203a,[1] subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950). The People agree that defendant is entitled to the benefit of Assembly Bill 1950 but contend that we should remand the matter to the trial court to reduce the term of probation to one year. We reduce defendant's term of probation to one year. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On April 15, 2021, the Tulare County District Attorney filed an information charging defendant with stalking (§ 646.9, subd. (a); count 1), two counts of felony vandalism (§ 594, subd. (a); counts 2 & 3), misdemeanor vandalism (§ 594, subd. (a); count 4), and misdemeanor public nuisance (§§ 370/372; count 5).

On May 21, 2021, pursuant to a negotiated plea agreement, defendant pled no contest to counts 1 and 2. In exchange, those counts were reduced to misdemeanors pursuant to section 17, subdivision (b), and the remaining counts were to be dismissed at sentencing, all on the prosecutor's motion. During the change of plea colloquy, the trial court indicated both that, pursuant to the plea agreement, "defendant is going to be placed on probation for a period of one year"[2] and defendant "will be placed on probation for a period of up to two years."

On May 24, 2021, the trial court granted defendant's application for probation and "placed [defendant] on probation for the required maximum of two years, for … the

---

[1]     All further statutory references are to the Penal Code.

[2]     The minute order from the change of plea hearing also reflects a "1 year" term of probation.

stalking charge, as well as the other charges[,]" required defendant serve 365 days in jail as a condition of his probation, ordered restitution, and imposed a 10-year protective order.[3]

On June 4, 2021, defendant filed a notice of appeal.

## DISCUSSION[4]

### A.  Applicability of Assembly Bill 1950

Effective January 1, 2021, Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years and most misdemeanor offenses to one year. (§§ 1203a, subd. (a), 1203.1, subds. (a) & (m), as amended by Stats. 2020, ch. 328, §§ 1, 2.)  Misdemeanor terms of probation may exceed one year for "any offense that includes specific probation lengths within its provisions."  (§ 1203a, subd. (b).)  "[T]he … limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative

---

**3**      The People correctly note that counts 3, 4, and 5 were not dismissed at the sentencing hearing as was negotiated in the plea agreement.  Nevertheless, the minute order from that hearing reflects that those counts were dismissed.  "Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles."  (*People v. Segura* (2008) 44 Cal.4th 921, 930.)  "Specific enforcement [of the bargain] is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances."  (*People v. Mancheno* (1982) 32 Cal.3d 855, 861.)

Here, the parties expressly agreed that the court would dismiss the remaining counts.  At sentencing, the trial court failed to do so.  Under the circumstances, specific enforcement of the bargain is the appropriate remedy.  It is apparent from the record that the trial court's failure to dismiss the remaining counts and enhancement allegations was inadvertent.  The trial court accepted defendant's no contest plea and admission, otherwise sentenced defendant in accordance with the plea agreement, and issued a minute order reflecting that the counts were dismissed.  Thus, the reasonable expectations of the parties and the trial court will be implemented if we deem those counts properly dismissed.  We do so.

**4**      Because defendant raises only legal issues on appeal, a factual summary is omitted.

3.

change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity." (*People v. Sims* (2021) 59 Cal.App.5th 943, 963–964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.) Therefore, the amendments to sections 1203a and 1203.1 apply to all cases not final on Assembly Bill 1950's effective date. (*Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to a misdemeanor term of probation exceeding one year for crimes of conviction that do not "include[] specific probation lengths within [their] provisions." (§ 1203a, subd. (b); see §§ 646.9, 594, 17, subd. (b)(3) [a crime punishable as a misdemeanor is a misdemeanor for all purposes when a defendant is granted probation and the trial court declares the offense to be a misdemeanor].) We agree. Defendant is entitled to the benefit of Assembly Bill 1950.

## B. Remedy

The parties disagree on the appropriate remedy—defendant contends we should modify his term of probation to one year; the People contend we should remand the matter to the trial court to modify the term of probation to a period not to exceed one year. We modify defendant's term of probation to one year from May 24, 2021. (See *People v. Flores* (2022) 77 Cal.App.5th 420, 453.)

The People argue that we should remand the matter to the trial court so the trial court can consider any violations of probation not before this court. The People correctly note that a misdemeanor probationer's probation may extend longer than one year if he or she violates probation, and the trial court revokes his or her probation. (§ 1203.2, subd. (a); see *People v. Burton* (2009) 177 Cal.App.4th 194, 199.) A trial court may revoke probation if probation is violated or, at any time before the termination of probation, modify the terms and conditions of probation (and the parties may move the court to do so). (§§ 1203.2, subds. (a), (b)(1), 1203.3, subd. (a).) If, at any time before the expiration of defendant's one-year term of probation, he violates probation, the trial

4.

court is empowered to revoke his probation. As noted, such a revocation would toll the running of defendant's term of probation. Because we do not order defendant's term of probation terminated on a specific date—instead, we reduce defendant's term of probation from two years to one year, subject to any other modifications of the term of probation required by law—this opinion should not be read to preclude any tolling of defendant's term of probation based on facts not before this court. If no revocation proceeding has been initiated prior to the end date for defendant's term of probation, the term of probation will expire by operation of law. (*People v. Chavez* (2018) 4 Cal.5th 771, 783 ["[S]ection 1203.3 provides for automatic discharge at the end of the probation term."].)

## **DISPOSITION**

Defendant's term of probation is reduced to one year, beginning on May 24, 2021. The trial court is directed to issue an amended minute order reflecting the modification (and continuing to reflect that counts 3, 4, and 5 were dismissed) and forward a copy to the relevant entities. As modified, the judgment is affirmed.