[No. B146305. Second Dist., Div. One. Aug. 14. 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS R. TAPIA, Defendant and Appellant.

## COUNSEL

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Marc E. Turchin, Acting Assistant Attorney General, Mary E. Sanchez and Michael W. Whitaker, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VOGEL (MIRIAM A.), J.**—In *July 1996*, Carlos R. Tapia pled guilty to one count of robbery. A three-year state prison sentence was imposed and

suspended, and "formal" probation was granted for a term of three years (which meant it would expire on *July 10, 1999*). Tapia was ordered to spend one year in jail, then to report to the probation department "within 24 hours of [his] release"; if he left the Country, he was not to re-enter illegally; if he did return, he was "to report to the probation officer within 24 hours of [his] return and present documentation that [he was] in the Country legally . . . ."

Upon his release from custody in *late 1996*, Tapia was deported to Mexico. In *March 1997*, when the trial court was informed that Tapia had failed to report to the probation department, his probation was summarily revoked and a bench warrant was issued. Tapia was arrested when he returned to California in *September 2000*, and a probation violation hearing was held in November 2000. Tapia admitted that he "did not report to [his] probation officer when [he] returned to the United States" in September 2000, and that he "did not, when [he] came back to the United States, show proof that [he was] in the United States legally to [his] probation officer." No evidence was taken. Based solely on Tapia's admissions, the trial court found a violation, revoked probation, then reinstated probation and extended it to March 21, 2003. Tapia appeals, contending the trial court had no jurisdiction to extend the term of probation. We agree, and therefore reverse.

## DISCUSSION

Although Tapia's probation was summarily revoked based upon his failure to report to his probation officer when he was released from custody in late 1996, that is not the violation he admitted at the formal probation revocation hearing. All he "admitted" was that he did not report to the probation department when he returned to the United States in September 2000, and that he did not at that time present proof that his reentry was legal. *He did not admit a failure to report in 1996, and he did not admit that his reentry in 2000 was illegal.* Since no evidence was presented, the basis for the summary revocation—a claim that Tapia had failed to report to the probation department in 1996—was not proved. Since that violation was not proved, the term of probation expired in July 1999—before Tapia reentered the United States. Since his probation had expired by the time he did reenter in September 2000, the trial court had no jurisdiction to extend the period of probation.

To avoid this result, the Attorney General glosses over the fact that the summary revocation was based on a purported 1996 violation that was neither proved nor admitted, and argues that Tapia's deportation does not excuse his failure to report to the probation officer when he was released

from custody. (See *People v. Campos* (1988) 198 Cal.App.3d 917, 923 [244 Cal.Rptr. 75].) The Attorney General then contends that, because summary revocation tolls the running of the probation period and preserves the court's jurisdiction over the defendant (Pen. Code, § 1203.2, subd. (a) ["The revocation, summary or otherwise, shall serve to toll the running of the probationary period"]; *People v. DePaul* (1982) 137 Cal.App.3d 409, 415 [187 Cal.Rptr. 82] [as used in the statute, "toll" means the period of probation is suspended, "and if probation is reinstated the period of revocation cannot be counted in calculating the expiration date"]), the trial court had jurisdiction to find a violation based on Tapia's admission, and to then extend the period of probation. We disagree.

While the summary revocation of probation does suspend the running of the probationary period so that the court retains jurisdiction to determine at a formal revocation hearing whether there has, in fact, been a violation, an unproved violation cannot support the conclusion that, after the date on which probation expired under its original terms, a violation occurred upon Tapia's failure to report to the probation department when he later returned to the United States. The rules cited by the Attorney General simply do not apply where, as here, the People have failed to prove that a violation occurred *during the term of probation.* Thus, while we agree that the period is tolled by summary revocation, and that the period of tolling can be tacked onto the probationary period if probation is reinstated, we do not agree that these rules apply where, as here, there is no proof or admission of a violation during the period of probation.

█ As we explained in *People v. Hawkins* (1975) 44 Cal.App.3d 958, 966 [119 Cal.Rptr. 54], the trial court has "the power and duty to summarily revoke . . . probation on the information supplied by the probation officer and to issue a bench warrant as the only practical and expeditious way to bring the defendant swiftly before the court, to give him notice of the *claimed* violations and to afford him a hearing." (Italics added.) █ But when it comes to the tolling contemplated by Penal Code section 1203.2, subdivision (a), and *People v. DePaul, supra,* 137 Cal.App.3d at page 415, it is clear that a summary revocation of probation suspends the running of the probation period and permits extension of the term of probation if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation. (See *People v. Lewis* (1992) 7 Cal.App.4th 1949, 1955 [10 Cal.Rptr.2d 376] [summary revocation is simply a device by which the defendant may be brought before the court and jurisdiction retained before formal revocation proceedings commence; if probation is restored, there has, in effect, been no revocation at all].)

Just as the restoration of probation erases the summary revocation, so too does the court's failure to find a violation within the period of probation. Put

another way, the jurisdiction retained by the court is to decide *whether* there has been a violation during the period of probation and, if so, *whether* to reinstate or terminate probation. When the court finds there has been no violation during the period of probation, there is no need for further jurisdiction. And where, as here, the term of probation has expired, the defendant is also entitled to an order discharging him from probation. (*People v. Lewis, supra,* 7 Cal.App.4th at pp. 1955-1956.)

It follows that Tapia's probation expired in July 1999, that the order finding him in violation is void, and that he is entitled to an order discharging him from probation.

DISPOSITION

The order is reversed.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied September 5, 2001, and respondent's petition for review by the Supreme Court was denied December 12, 2001.