119 Cal.Rptr.2d 156 (2002)
97 Cal.App.4th 1216
The PEOPLE, Plaintiff and Respondent,
v.
Anthony Chavez CANO, Defendant and Appellant.
No. B152598.
Court of Appeal, Second District, Division One.
April 24, 2002.
Review Denied July 10, 2002.[*]
*157 Carol S. Boyk, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Margaret E. Maxwell and Marc J. Nolan, Supervising Deputy Attorneys General, for Plaintiff and Respondent.
MIRIAM A. VOGEL, J.
In August 1998, Anthony Chavez Cano was convicted of one count of possession of cocaine. (Health & Saf.Code, § 11350, subd. (a).) In September, the proceedings were suspended and probation was granted for a period of three years and on the usual conditions, including that Cano submit to drug testing and obey all laws. On June 13, 1999, Cano was arrested and charged with driving under the influence at a speed exceeding 30 miles over the posted limit. Probation was summarily revoked. In July, Cano pled no contest to the new charges and admitted a probation violation. In the drug case, probation was reinstated on the same terms and conditions plus some additional jail time.
In October 1999, in Ventura County, Cano was convicted of battery upon a spouse and resisting arrest. In November and December 2000, Cano failed to appear for scheduled drug tests. On January 23, 2001, he tested positive for cocaine. On March 30, 2001, Cano's probation was summarily revoked but the minute order does not state the basis for the summary revocation and there is no reporter's transcript. On July 2, Cano waived his right to a formal probation hearing and admitted a violation (the nature of which was not stated on the record). At defense counsel's request, the matter was continued for sentencing. On August 13, defense counsel filed a "motion to apply Proposition 36" to any probation violation suffered after July l.[1] At the sentencing hearing (August *158 20), the court said this case "falls outside the realm of Proposition 36." Defense counsel disagreed, explaining that Proposition 36 applied because the violation admitted by Cano on July 2 was for the dirty test. The prosecutor did not disagree but the trial court said the "violation was for other than that as well," and "was also [for] a conviction in Ventura County" (the reference is to the October 1999 conviction). Defense counsel responded, "He just entered a general stipulation to a violation."
The court refused to apply Proposition 36 and sentenced Cano to state prison for a term of two years. Cano appeals. We reverse.

DISCUSSION
Cano contends he was entitled to the benefit of Proposition 36 because "he was on probation on July 1, 2001 and because his admitted violation was apparently a violation of a drug-related condition of probation: monthly testing. He missed two such tests because he was hospitalized on those occasions, and he failed a third test. Thus, for these violations to justify revocation of his probation under Proposition] 36, the prosecution would have had to prove that these nonviolent drug-related violations or other facts established that he was not amenable to drug treatment. There was no such proof or finding."
"The one non-drug event which arguably might have supported revocation under Proposition] 36, if so considered, was the Ventura County conviction for spousal abuse which was not charged as a probation violation, admitted or proved. As this Court has held, probation may be revoked only for a violation that is either admitted or proved. (People v. Tapia (2001) 91 Cal.App.4th 738, 740-41 [110 Cal.Rptr.2d 747].) Accordingly, the Ventura County conviction, which was neither admitted nor proved in the present case, could not have served as a basis for revoking [Cano's] probation. It was improper for the trial court to have considered the Ventura County conviction when it considered whether to apply Proposition] 36 to [Cano's] case, and the court clearly erred if it did so. Hence, either way, [Cano] was eligible for placement in a Proposition 36 program." (Fn.omitted.)
The Attorney General disagrees with Cano's construction of the record and insists that the "trial court clearly based its probation revocation on what it found to have been a non-drug-related violation. When defense counsel argued that [Cano] should receive a Proposition 36 disposition since his probation violation was for a drug-related probation violation (i.e., a `dirty test'), the court responded that his violation was for `other than that as well.... His violation was also a conviction in Ventura County.' ... As documented in the probation reports that were prepared in connection with this violation hearing, that conviction was for spousal abuse ..., which can hardly be described as a nonviolent drug possession offense or a drug-related condition of probation. [¶] Although [Cano] stated generally at the revocation hearing that he admitted being in violation of his probation, he never limited that admission to drug-related conditions of his probation...."[2]
*159 The problem with the Attorney General's analysis is that it ignores the prosecutor's failure to specify the charged violation (which cannot in any way, shape or form be determined from the minute orders or the reporters' transcripts or from anything else in the record) and places the burden on Cano to limit the scope of his admissionpresumably by speculating that, in addition to the current dirty test (January 23, 2001), the March 2001 summary revocation was intended to include events that had occurred more than 22 months earlier, in October 1999. The confusion in this record is the result of the prosecutor's failure to specify the nature of the claimed violation, not of Cano's failure to limit his plea. Put differently, it is the prosecutor's responsibility to create a record in which a specific violation is charged and either proved or admitted. When that is not done, the record must be construed against the People. (People v. Tapia, supra, 91 Cal.App.4th at pp. 740-741,110 Cal.Rptr.2d 747; cf. Morrissey v. Brewer (1972) 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 [parolee facing revocation is entitled to notice of the nature of the claimed violation].)
As we explained in People v. Hawkins (1975) 44 Cal.App.3d 958, 966, 119 Cal.Rptr. 54, and again in People v. Tapia, supra, 91 Cal.App.4th at pages 740-741, 110 Cal.Rptr.2d 747, the trial court has the power and duty to summarily revoke probation on information supplied by a probation officer and to issue a bench warrant to bring the defendant swiftly before the court in order to give him notice of the claimed violations and to afford him a hearing. But the fact that the third or fourth in a series of probation reports might disclose various acts that could, if charged and proved or admitted, constitute probation violations does not mean the defendant has notice of the particular violation charged at the time his probation was summarily revoked, or that the particular act captured in the mind of the prosecutor or the trial court is necessarily the same as the act in the mind of defense counsel and his client when the amorphous violation is admitted. The record before us does not satisfy even the most minimal notions of due process.
Not to put too fine a point on it, but we are in any event satisfied that, at the time of Cano's admission, everyone involved thought he was admitting only that the dirty test constituted a violation. The admission was on July 2, 2001, one day after the effective date of Proposition 36, and Cano was represented by a deputy public defender whose office (as shown by Cano's request to delay sentencing and his motion concerning the application of Proposition 36) was well aware of the new law and its effect on pending cases. (And see In re DeLong, supra, 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385; In re Scoggins, supra, 94 Cal.App.4th 650, 114 Cal.Rptr.2d 508.) It was only later, at the August sentencing hearing, that an effort was made to expand the scope of Cano's admissionand even then, the most that was said was that the 22-month-old conviction constituted a violation, not that it had been proved or admitted.
As the Attorney General concedes, absent Cano's admission that the Ventura County conviction constituted a probation violation, Cano is entitled to the benefits of *160 Proposition 36. Accordingly, we agree with Cano that his sentence is contrary to law and that the judgment must be reversed.

DISPOSITION
The judgment (order revoking probation) is reversed and the cause is remanded to the trial court with directions to make such further orders as are necessary to secure Cano's release in this case and to offer to Cano the Proposition 36 benefits to which he is entitled.
We concur: SPENCER, P.J., and ORTEGA, J.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. See California Rules of CourtRules 976 and 977).
[1] In November 2000, the voters of California passed Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. (Pen. Code, §§ 1210, 1210.1, 3063.1.) The Act, effective July 1, 2001, requires probation and drug treatment, not incarceration, for the commission of nonviolent drug possession offenses and applies to cases where the offense was committed before July 1, 2001, but entry of judgment was deferred and sentence was imposed after the effective date of the Act. (In re Scoggins (2001) 94 Cal.App.4th 650, 652, 114 Cal.Rptr.2d 508; see also In re DeLong (2001) 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385.)
[2] The Attorney General also suggests that when Cano realized (at the sentencing hearing) that the trial court construed his admission to include the 1999 Ventura conviction, Cano should have moved to withdraw his admission. No authority is cited for this assertion, and we decline the Attorney General's implied invitation to view this as a waiver. Cano noted his objection to the court's construction of the admission and argued his point about the application of Proposition 36. No more was required.