Filed 3/20/23  P. v. Vega CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ABEL VEGA,<br><br>        Defendant and Appellant. | A165740<br><br>(Sonoma County<br>Super. Ct. No. SCR-746096-1) |

After pleading guilty to assault, defendant Abel Vega was placed on two years formal probation. He twice violated his probation by failing to report to the probation department, and the trial court extended the termination date of his probationary period to account for the time that he had absconded from supervision. Vega argues that the court was without statutory authorization to extend the end date of his probation beyond the two-year statutory maximum. We disagree, and we affirm.

## BACKGROUND

On May 11, 2021, the Sonoma County District Attorney filed a criminal complaint charging Vega with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] (count 1), criminal threats (§ 422, subd. (a)) (count 2), and brandishing a deadly weapon (§ 417, subd. (a)(1)) (count 3). The complaint

---

[1] Further undesignated statutory references are to the Penal Code.

was later amended to charge a fourth offense, assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) (count 4).[2]

On July 6, Vega pleaded no contest to assault with force likely to produce great bodily injury, and the remaining counts were later dismissed on the prosecution's motion.

At sentencing on August 30, the trial court suspended imposition of judgment and granted formal supervised probation for a two-year period, to end on August 30, 2023.

On April 26, 2022, Vega admitted a probation violation in that he had failed to report to the probation department as directed. Based on the department's representation that Vega had spent 152 days in "warrant status"—the period between the revocation of his probation in January and his subsequent arrest—the court extended the end date of his probation to January 29, 2024.

On May 24, Vega admitted another probation violation in that he had failed to contact probation to set up his work release. The court revoked and reinstated probation on the same terms and conditions, and ordered Vega to serve 55 days in county jail. And "[o]ver the defense objection based on the defendant being in absconded status," the court extended the end date of Vega's probation to February 12, 2024. Defense counsel noted his position that "any extension of probation past the two years regardless of the status is an unlawful sentence."

Vega filed a notice of appeal.

---

[2] The facts of the underlying offenses are not relevant to the issue on appeal.

## DISCUSSION

### The Trial Court Had Statutory Authorization To Extend The End Date of Vega's Probation

We review the question of whether the trial court had statutory authorization to extend Vega's probation de novo. (See *People v. Ornelas* (2023) 87 Cal.App.5th 1305, 1311 (*Ornelas*).)

For his argument that the trial court was without authorization to extend the end date of his probation, Vega relies on section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950, which provides that "[t]he court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." Also at issue is section 1203.2, subdivision (a), which provides in relevant part: "Upon rearrest, or upon the issuance of a warrant for rearrest, the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision . . . . The revocation, summary or otherwise, shall serve to toll the running of the period of supervision." (§ 1203.2, subd. (a).)

In *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*), our Supreme Court considered whether, once probation has been summarily revoked, section 1203.2, subdivision (a) permits a trial court to "find a violation of probation and then reinstate or terminate probation based solely on conduct that occurred *after* the court-imposed period of probation had elapsed," concluding that it did not. (*Id*. at p. 502.) In the course of interpreting "toll" as it is used in section 1203.2, subdivision (a), *Leiva* explained as follows:

"However, assuming the word 'toll' can mean 'to extend,' we nevertheless would reject the Attorney General's reading of the tolling provision of section 1203.2(a), as allowing a trial court, through summary revocation, to extend indefinitely the conditions and terms of probation until a formal revocation proceeding can be held. Construing the word 'toll' as 'extend' in the context of section 1203.2(a) would be contrary to our statutes that authorize the courts to grant probation for a period not to exceed a specified time . . . . It is also contrary to language in section 1203.2 that gives the court authority, when an order setting aside the judgment or the revocation of probation, or both, is made after the expiration of the probationary period, to again place the person on probation for the same period of time 'as it could have done immediately following conviction.' (§ 1203.2, subd. (e))." (*Leiva, supra*, 56 Cal.4th at p. 509.)

"[W]e conclude summary revocation of probation preserves the trial court's authority to adjudicate a claim that the defendant violated a condition of probation during the probationary period. As noted, the purpose of the formal proceedings 'is not to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to *prove the alleged violation occurred and justifies revocation.*' (*People v. Clark* [(1996)] 51 Cal.App.4th [575,] 581, italics added.) We therefore agree with the court in [*People v.*] *Tapia* [(2001) 91 Cal.App.4th 738] that 'the [authority] retained by the court is to decide *whether* there has been a violation during the period of probation and, if so, *whether* to reinstate or terminate probation.' (*Tapia, supra*, 91 Cal.App.4th at p. 742.) Accordingly, a trial court can find a violation of probation and then reinstate and extend the terms of probation 'if, and only if, probation is reinstated based upon a violation that occurred during the unextended period

4

of probation.' (*Tapia, supra,* 91 Cal.App.4th at p. 741.) This result fairly gives the defendant, if he prevails at the formal violation hearing, the benefit of the finding that there was no violation of probation during the probationary period." (*Leiva, supra,* 56 Cal.4th at pp. 515–516.)

Vega argues that the court was without authorization to extend the end date of his probation beyond the two-year statutory maximum, relying on *Leiva*'s statement that "[c]onstruing the word 'toll' as 'extend' in the context of section 1203.2(a) would be contrary to our statutes that authorize the courts to grant probation for a period not to exceed a specified time." (*Leiva, supra,* 56 Cal.4th at p. 509.)

We recently considered and rejected Vega's argument in *Ornelas, supra,* 87 Cal.App.5th 1305.[3] There, as here, the defendant was placed on two years formal probation, violated the terms of his probation by failing to report to the probation department, and had the end date of his probation extended by the 129 days that he was " 'in warrant status.' " (*Id.* at p. 1309.) We rejected Ornelas's argument that "the time during which his probation was revoked and he was on warrant status must be counted toward the statutory maximum period" of probation (*id.* at p. 1311):

"During the 129 days that Ornelas was in warrant status, he was not 'under the supervision of a probation officer.' (§ 1203, subd. (a).) He had absconded, and his absence kept the probation officer from facilitating and monitoring his rehabilitation. In reinstating Ornelas's probation and moving the termination date to account for the 129 days in which Ornelas had been in warrant status and not under the supervision of a probation officer, the trial court did not increase the term beyond the statutory maximum of two

---

[3] *Ornelas* was filed after Vega filed his opening brief. Vega did not file a reply brief, and he does not discuss the case.

5

years; instead, the court exercised its discretion to adjust the termination date to provide Ornelas with approximately two years of probationary supervision, as Ornelas had agreed to when he accepted the terms of probation, and in keeping with the July 2021 sentencing order. The court was within its authority under section 1203.2, subdivision (b),[4] in taking this step." (*Ornelas,* at p. 1312.)

After discussing the legislative history of Assembly Bill No. 1950, *Ornelas* continued:

"[I]n passing Assembly Bill [No.] 1950, the Legislature intended that when a warrant was issued and probation was revoked during the initial two-year term, if probation was later reinstated, the period during which the defendant was on warrant status could be tacked on to the probationary period. Notably, summary revocation does not *automatically* extend the probationary period. Rather, at a formal revocation hearing, if the trial court finds a violation, it has discretion to reinstate and extend the probationary term to account for the period of revocation. (*Leiva, supra,* 56 Cal.4th at p. 516; see also *People v. Braud* (2020) 56 Cal.App.5th 962, 968–969 (*Braud*) [discussing cases, including *Leiva,* that 'conclude[] a trial court has discretion to extend the expiration date when supervision is revoked and reinstated; it just does not happen automatically'].) In Ornelas's case, the trial court exercised its discretion to extend the expiration date, while ensuring that the time Ornelas was supervised by the probation department was not greater than the two-year maximum term of felony probation set forth in

---

[4] "Upon its own motion or upon the petition of the supervised person, the probation or parole officer, or the district attorney, the court may modify, revoke, or terminate supervision of the person pursuant to this subdivision, except that the court shall not terminate parole pursuant to this section." (§ 1203.2, subd. (b)(1).)

section 1203.1, subdivision (a). This was not error." (*Ornelas*, at pp. 1313–1314.)

*Ornelas* also distinguished *Leiva* as follows:

"But *Leiva* addressed a situation different from Ornelas's. The question in *Leiva* was 'whether, once probation has been summarily revoked, [the tolling provision in section 1203.2, subdivision (a)] permits a trial court to find a violation of probation and then reinstate or terminate probation *based solely on conduct that occurred after the court-imposed period of probation had elapsed.*' (*Leiva, supra,* 56 Cal.4th at p. 502, some italics added.) The answer was 'no': the 'tolling provision preserves the trial court's authority to adjudicate, in a subsequent formal probation violation hearing, whether the probationer violated probation during, but not after, the court-imposed probationary period.' (*Ibid.*) But *Leiva* does not prevent the trial court from exercising its discretion to tack on additional days for the period of revocation in Ornelas's case. To the contrary, under *Leiva,* '[i]f a defendant whose probation has been summarily revoked has violated probation during the original probationary period,' as Ornelas did here, the defendant 'may be subject to an additional period whenever a formal probation revocation hearing can be held.' (*Id.* at p. 517.) And 'when the violation and reinstatement both occur during the probationary period, *Leiva* indicates a court may extend it by adding the tolled period of revocation.' (*Braud, supra,* 56 Cal.App.5th at p. 969.)" (*Ornelas, supra,* 87 Cal.App.5th at p. 1315.)

*Ornelas* controls this case and leads us to conclude that the trial court did not err in extending the expiration date of Vega's probation to account for the days that he was in warrant status.

Vega's arguments to the contrary are unavailing.

First, Vega relies on a footnote from *Leiva* specifically disapproving

7

*People v. DePaul* (1982) 137 Cal.App.3d 409 (*DePaul*). In *DePaul*, defendant was granted probation for a period of two years. (*Id.* at p. 411.) After that two-year term had expired, the probation department petitioned to revoke defendant's probation, the court found that defendant had violated the terms of probation by committing two new offenses after the two-year period had expired, and defendant was then sentenced to state prison. (*Id.* at pp. 411–412.) Defendant argued that the court lacked jurisdiction to revoke his probation after the probationary period expired. (*Id.* at p. 412.) The Court of Appeal disagreed, holding that the word "toll" as used in section 1203.2 means "that a revocation of probation suspends the running of the probationary period and if probation is reinstated the period of revocation cannot be counted in calculating the expiration date." (*DePaul*, at p. 415.) In a footnote, *Leiva* expressly disapproved this conclusion, and noted that doing so was "fair to the prosecution because, upon proof that a defendant did violate probation before the expiration of the probationary period, probation may be reinstated or a new term may be granted. (§§ 1203.2, subd. (e), 1203.3.)" (*Leiva, supra*, 56 Cal.4th at p. 518, fn. 7.) In *People v. Johnson* (2018) 29 Cal.App.5th 1041, we read this footnote to mean that the period of supervision is not "*automatically* extended" due to a period of revocation. (*Id.* at p. 1049.) However, we explained that "a reasonable reading of *Leiva* compels the conclusion that the length of the supervisory period is not *automatically* extended when PRCS [postrelease community supervision] is reinstituted after revocation, *although a trial court may choose to extend the original expiration date for PRCS within the maximum statutory period*." (*Id.* at p. 1050 (emphasis added); see *Braud, supra*, 56 Cal.App.5th at p. 968–969 ["In short, when the violation and reinstatement both occur

8

during the probationary period, *Leiva* indicates a court may extend it by adding the tolled period of revocation"].)[5]  That is what happened here.

Second, Vega argues that the expiration date of his probation could not be extended because the only circumstances in which such an extension is permitted are those under which section 1203.2, subdivision (e) applies.  We rejected the same argument in *Ornelas*, in language equally applicable here:

"Ornelas argues that none of the time when his probation was revoked can be 'tacked on' after the original expiration date of his probation because to do so would be to extend his probation beyond the maximum term, which is allowable only under circumstances set forth in section 1203.2, subdivision (e), a statutory provision that he argues does not apply here. That section provides that '[i]f an order setting aside the judgment, the revocation of probation, or both is made after the expiration of the [initial] probationary period, the court may again place the person on probation for that period and with those terms and conditions as it could have done immediately following the conviction.'  (§ 1203.2, subd. (e).)  We agree that this is not Ornelas's situation, so section 1203.2, subdivision (e) does not apply.  Nor, based on our analysis, does it render what the trial court did here erroneous."  (*Ornelas*, *supra,* 87 Cal.App.5th at p. 1314, fns. omitted.)

Finally, Vega's reliance on *People v. Cookson* (1991) 54 Cal.3d 1091 (*Cookson*), *People v. Medeiros* (1994) 25 Cal.App.4th 1260, and *People v. Sem* (2014) 229 Cal.App.4th 1176 is unavailing.

In *Cookson*, *supra,* 54 Cal.3d 1091, defendant was placed on three years probation, a condition of which was that he pay restitution as ordered by the

---

[5] *Johnson* and *Braud* both involved PCRS, not probation.  However, as *Braud* observed, "the relevant parts of section 1203.2 apply uniformly to both probation and postrelease supervision.  (See § 1203.2, subd. (a).)"  (*Braud*, *supra*, 56 Cal.App.5th at p. 967, fn. 2.)

probation department. (*Id*. at p. 1093.) Defendant made the required monthly payments, but at the end of the three years had paid only a portion of the total amount ordered. (*Ibid*.) The trial court extended probation for two years to ensure that restitution would be made. (*Ibid*.) In a footnote, the *Cookson* court explained that the probation department sought to extend Cookson's probation by only two years because "probation could not extend past [the then-statutory maximum of] five years (§ 1203.1)." (*Cookson, supra*, 54 Cal.3d at p. 1094, fn. 2.) The Supreme Court affirmed, concluding that the trial court had the power to modify the conditions of Cookson's probation even absent a violation thereof. (*Id*. at pp. 1098–1100.) But the defendant in *Cookson* did not abscond from supervision and did not have his probation revoked, and there was no issue of whether time spent in revocation would count toward the statutory maximum. *Cookson* is inapposite.

In *People v. Medeiros, supra*, 25 Cal.App.4th 1260, the trial court twice summarily revoked defendant's probation just before it was to expire for failure to make regular restitution payments. (*Id*. at p. 1262.) After the second summary revocation, the trial court "determined that defendant was not in violation of her probation but reinstated probation and extended it to expire in another five years. As a condition of this second maximum term of probation, defendant was ordered to pay $85 a month." (*Id*. at pp. 1262–1263.) The *Medeiros* court concluded that the trial court's use of section 1203.2, subdivision (e) to extend defendant's probation had been improper, for two reasons:  first, the court had expressly determined at the formal revocation hearing that defendant had *not* violated her probation, and second, section 1203.2, subdivision (a), provides that probation "shall not be revoked" for any nonwillful inability to pay restitution, such that "the necessary predicate for reimposing probation under section 1203.2,

10

subdivision (e), that the court revoke probation and set aside that revocation, is absent." (*Medeiros*, at p. 1266.)  Here, Vega *did* violate the terms of his probation during the probationary period, and section 1203.2, subdivision (e) is not at issue.  *Medeiros* is inapposite.

In *People v. Sem, supra*, 229 Cal.App.4th 1176, the trial court summarily revoked defendant's probation in 2006 based on allegations of failure to pay restitution, and held a 2007 revocation hearing at which it revoked probation but did not sentence defendant to prison or reinstate probation, thus keeping defendant in a "status of perpetual revocation in which [she] remains obligated to comply with a probation condition requiring payment of restitution (and other probation conditions) for a substantial time after the maximum probationary period," for the next nine years.  (*Id*. at pp. 1185–1186, 1192–1193.)  Finally, in 2013, the trial court purported to reinstate probation on the original terms and conditions.  (*Id*. at p. 1186.)  The *Sem* court held that the trial court was not authorized to "postpone its disposition" at the 2007 revocation hearing, thereby de facto reinstating probation for a nine-year term, far exceeding the five-year maximum.  (*Id*. at p. 1193.)  But the *Sem* court expressly acknowledged that at the 2007 formal revocation hearing, the court had the statutory option to reinstate probation on modified terms.  (*Id*. at p. 1192.)  That is what the court did here.  This case does not present any issue of "perpetual revocation," and as explained in *Ornelas*, Vega's term of probation did not exceed the statutory maximum, because the trial court had the discretion not to count the time he spent in "absconded" status toward his period of supervision.  (*Ornelas, supra*, 87 Cal.App.5th at p. 1312.)

## DISPOSITION

The order is affirmed.

11

_____
Richman, J.

We concur:


_____
Stewart, P.J.


_____
Markman, J. *


*People v. Vega* (A165740)

     *Superior Court of Alameda County, Judge Michael Markman, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.