Filed 6/12/23 P. v. Jimenez-Jaimes CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR JIMENEZ-JAIMES,<br>    Defendant and Appellant. | A164618<br><br>(Sonoma County<br> Super. Ct. No. SCR7352881) |

In June 2020, defendant Salvador Jimenez-Jaimes pleaded no contest to felony grand theft from a person and misdemeanor dissuading a witness, for which he was placed on three years formal probation. In July 2020, defendant's probation was summarily revoked for failing to report to probation. A bench warrant was issued for his arrest, placing him in warrant status.

Penal Code section 1203.1, subdivision (a) was amended effective January 1, 2021, with the result that probation terms for most felony offenses are reduced from a maximum of five years to a maximum of two years. In February 2022, defendant was reinstated to probation, with a new end date in January 2024 based on the exclusion of the period of time he was in warrant status. Defendant's probation term, not counting when he was in warrant status, is less than the statutory two-year maximum.

1

We conclude the trial court acted within its statutory discretion when it extended the end date of defendant's term of probation based upon a calculation that excluded the period of time he was in warrant status. Therefore, we affirm.

## BACKGROUND

After defendant pleaded no contest to felony grand theft from a person (Pen. Code, § 487, subd. (c))[1] and misdemeanor dissuading a witness (§ 136.1, subd. (b)(1)), the trial court placed him on three years formal probation on June 24, 2020. Less than a month later, on July 17, the trial court summarily revoked defendant's probation and issued a bench warrant for his arrest based on a probation report that he had absconded from probation supervision.

On January 1, 2021, while defendant was still in warrant status, Assembly Bill No. 1950 (2019–2020 Reg. Sess; AB 1950) became effective, which amended section 1203.1 "to limit the maximum probation term a trial court is authorized to impose for most felony offenses (including grand theft) to two years." (*People v. Sims* (2021) 59 Cal.App.5th 943, 946; see § 1203.1, subds. (a)(*l*); Stats. 2020, ch. 328, § 2.)[2]

Within two years of being placed on probation, defendant was arrested on the outstanding warrant. On February 17, 2022, he admitted he had violated his probation. Over defense counsel's objection, which was based on *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*), the trial court reinstated probation and extended the end date

---

[1]     All further statutory references are to the Penal Code.
[2]     Section 1203.1 was subsequently reenacted by Stats. 2021, ch. 257, § 22, eff. September 23, 2021, operative January 1, 2022. The reenacted statute does not affect our resolution of this appeal.

2

of probation to January 17, 2024 to account for the 572 days defendant was in warrant status.

It is not disputed that defendant had been on probation for 23 days, from June 24, 2020 to July 17, 2020, before his probation was summarily revoked. The reinstatement of probation from February 17, 2022, to January 17, 2024, added 699 days, for a total probation term of 722 days. Therefore, the total probation term is less than the two-year maximum allowed under section 1203.1, subdivision (a).

## DISCUSSION

The parties do not dispute that when AB 1950 became effective on January 1, 2021, defendant's probation term was effectively reduced to two years, resulting in an end date of June 24, 2022. (See, e.g., *People v. Quinn* (2021) 59 Cal.App.5th 874, 878, 879–885 [section 1203.1 as amended by AB 1950 applied retroactively to reduce the defendant's probation term from three years to two years].)

Defendant contends it was error for the trial court to extend the end date of his probation to January 17, 2024 based on a calculation that excluded the 572 days he was in warrant status. According to defendant, those days must be counted in calculating the statutory two-year maximum for his felony probation. We disagree and conclude that *People v. Ornelas* (2023) 87 Cal.App.5th 1305 (*Ornelas*), decided by our colleagues in Division Two, is directly on point and dispositive.[3]

In *Ornelas, supra*, 87 Cal.App.5th 1305, Ornelas was placed on two years formal probation. (*Id.* at p. 1309.) Before the two years

---

[3]     Because *Ornelas, supra*, 87 Cal.App.5th 1305, was decided after the initial briefing in this case was completed, the parties were given the opportunity to address the case in supplemental letter briefs.

3

elapsed, his probation was summarily revoked, he was found to have violated his probation, and the probation term was extended by the days that he was in warrant status. (*Ibid*.) The *Ornelas* court found no error: "When probation has been summarily revoked and then reinstated within the initial probationary term, the trial court has discretion to extend probation to account for the time when probation was summarily revoked so long as the total period of probationary supervision does not exceed the statutory maximum." (*Id*. at p. 1308.)

The *Ornelas* court reasoned as follows: "Probation is 'an act of clemency in lieu of punishment . . ., and its primary purpose is rehabilitative in nature.' [Citation.] Supervision by a probation officer is a crucial component of the probationer's rehabilitation. [Citations.] [¶] . . . In reinstating Ornelas's probation and moving the termination date to account for the 129 days in which Ornelas was in warrant status and not under the supervision of a probation officer, the trial court did not increase the term beyond the statutory maximum of two years; instead, the court exercised its discretion to adjust the termination date to provide Ornelas with approximately two years of probationary supervision . . . . The court was within its authority under section 1203.2, subdivision (b)[4], in taking this step." (*Ornelas*, *supra*, 87 Cal.App.5th at pp. 1311–1312.)

Defendant's reliance on *Leiva*, *supra*, 56 Cal.4th 498, is misplaced as that opinion addressed a different question, namely whether the

---

4       Section 1203.2, subdivision (b) provides: "Upon its own motion or upon the petition of the supervised person, the probation or parole officer, or the district attorney, the court may modify, revoke, or terminate supervision of the person pursuant to this subdivision, except that the court shall not terminate parole pursuant to this section."

tolling provision in section 1203.2, subdivision (a)[5] permits a trial court to find a violation of probation and reinstate probation *"based solely on conduct that occurred after the court-imposed period of probation had elapsed."* (*Leiva, supra*, 56 Cal.4th at p. 502, some italics added.) The answer was no, it does not. (*Ibid.*) However, " 'when the violation and reinstatement both occur during the probationary period, *Leiva* indicates a court may extend it by adding the tolled period of revocation.' " (*Ornelas, supra*, 87 Cal.App.5th at p. 1315.)

We are not persuaded by defendant's argument that *Leiva* grounded the trial court's authority to extend the probationary term solely on its general power to reinstate and extend probation under section 1203.3.[6] As is readily evident, the *Leiva* court explicitly referred to section 1203.2: "If a defendant whose probation has been summarily revoked has violated probation during the original probationary period, *section 1203.2(a)'s tolling provision* ensures that he may be subject to an additional period whenever a formal probation revocation hearing can be held." (*Leiva, supra*, 56 cal.4th at p. 517, italics added; see *Leiva, supra*, at p. 516, fn. 5 [citing with approval the

---

[5]     Section 1203.2, subdivision (a) provides, in pertinent part, that at any time during the period of supervision of a person released on probation under the care of a probation officer, "[t]he revocation [of probation], summary or otherwise, shall serve to toll the running of the period of supervision."

[6]     Section 1203.3, provides, in pertinent part, that "[t]he court has the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence."

5

analysis of section 1203.2, subdivision (a)'s tolling provision in *People v. Tapia* (2001) 91 Cal.App.4th 738, 741 (*Tapia*).[7]

In sum, for the reasons stated in *Ornelas*, *supra*, 87 Cal.App.5th 1305, we conclude that the trial court acted within its discretion when it reinstated defendant to probation and extended the end of the probation term to January 17, 2024. Even with this extension, defendant's term of probation, not including the time he was in warrant status, is less than the statutory two-year maximum.

**DISPOSITION**

The February 17, 2022 order is affirmed.

---

[7] In *Tapia, supra*, 91 Cal.App.4th 738, the court stated, in pertinent part, that "when it comes to the tolling contemplated by Penal Code section 1203.2, subdivision (a) . . ., it is clear that a summary revocation of probation suspends the running of the probation period and permits extension of the term of probation if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation." (*Tapia, supra*, at p. 741.) *Tapia* was disapproved on another ground. (*People v. Wagner* (2009) 45 Cal.4th 1039, 1061, fn. 10.)

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A164618/*People v. Jimenez-Jaimes*

7